IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE: MARIO-ORLANDO: HESTER      )       MC 125-002

**O R D E R**

On January 29, 2025, Mario Orlando Hester ("Hester"), detained at Charles B. Webster Detention Center in Augusta, Georgia, filed a "Notice of Removal," in which he purports to remove a criminal charge brought against him via a true bill of indictment in Richmond County Superior Court, Indictment Number 2023RCCR01800. According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis*. Because Hester did not comply with this Local Rule, his filings do not qualify for opening a civil action. Thus, the Clerk of Court marked the documents "Received" and assigned a miscellaneous case number, MC 125-002.

Hester argues 28 U.S.C. § 1455 allows for removal of this case. (Doc. no. 1, p. 1.) However, § 1455 only governs the *procedure* for removal of state criminal prosecutions and not the proper *grounds* for removal of state criminal prosecutions. Also, Hester's state charge of criminal attempt to commit a felony is based on an alleged violation of the Official Code of Georgia, § 16-4-1.[1] However, it is long-settled federal courts have no jurisdiction over criminal matters, except for what is provided by statute. See United States v. Hudson, 11 U.S. 32, 34 (1812) (noting "jurisdiction of crimes against the state is not among [the] powers" implied to

---

[1] In the papers submitted to the Clerk of Court, Hester included a copy of the front page of the true bill of indictment listing his state charge. (Doc. no. 1, p. 3.)

federal courts). Here, Hester has failed to point to any valid authority demonstrating this Court has subject-matter jurisdiction to hear criminal matters firmly within the purview of the State of Georgia.[2]

Lastly, Hester's papers are full of various, incomprehensible claims concerning jurisdiction and his religious and natural rights, which sound in "typical sovereign citizen nonsense." Gilbert v. City of Pine Lake, Ga., No. 1:19-CV-495-TWT, 2019 WL 11553743, at *1 (N.D. Ga. June 25, 2019), *aff'd*, No. 19-12585, 2022 WL 1162087 (11th Cir. Apr. 20, 2022). Such patently frivolous claims have no place in federal court. See, e.g., Jackson v. Inch, 816 F. App'x 309, 311 (11th Cir. 2020) (*per curiam*) (citing United States v. Sterling, 738 F.3d 228, 223 n.1 (11th Cir. 2013), for proposition that "courts have repeatedly and 'summarily rejected [sovereign-citizen legal theories] as frivolous'"); see also Roach v. Arrisi, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (recognizing "sovereign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars").

---

[2]For example, under certain circumstances, criminal prosecutions commenced in a State court against federal officers or agencies may be removed to federal court. See 28 U.S.C. § 1442. In other instances, criminal prosecutions commenced in a State court regarding enforcement of equal civil rights of citizens may be removed to federal court. See 28 U.S.C. § 1443. Hester does not, indeed cannot, validly argue his charge of criminal attempt to commit a felony arises under a federal law encompassing civil rights of citizens in terms of racial equality, or that he is a federal or state officer, and absent valid statutory authorization, removal is not proper. See, e.g., Taylor v. Phillips, 442 F. App'x 441, 443 (11th Cir. 2011) (*per curiam*) (affirming remand to state court after improper removal attempt under § 1443 where claims did not seek to enforce equal civil rights stated in terms of racial equality and were not made by a state or federal officer).

Given the procedural inadequacies identified herein and the lack of federal jurisdiction to hear Hester's state-based criminal charge, the Court **DIRECTS** the **CLERK** to close this miscellaneous case.

SO ORDERED this 4th day of February, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA